**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMAL BOWENS,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | ) | Civ. No. 2:26-cv-02912-SHL-atc<br>Cr. No. 2:17-cr-20296-SHL-1 |

**ORDER GRANTING § 2255 MOTION**

Before the Court is the pro se Movant Jamal Bowens' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person is Federal Custody ("§ 2255 Motion"), filed July 23, 2026. (ECF No. 1.) Respondent United States does not oppose Bowens' motion. (ECF No. 7.) For the reasons discussed below, the § 2255 Motion is **GRANTED**.

## BACKGROUND

### A. Bowens' Criminal Case

In 2018, a jury convicted Bowens of being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). (ECF No. Cr. 85 at PageID 334.) The Court sentenced Bowens to forty-one months of imprisonment followed by a three-year term of supervised release. (Id. at PageID 335–36.) Bowens appealed, and the Sixth Circuit affirmed his conviction, but vacated Bowens' sentence and remanded the case for resentencing. United States v. Bowens, 938 F.3d 790, 801 (6th Cir. 2019). Following a resentencing hearing, Bowens was sentenced to thirty-three months of imprisonment followed by three years of supervised release. (ECF Cr. 121 at PageID 1559–60.)

When Bowens violated the terms of his supervised release on May 9, 2024, his

supervised release was revoked, and he was sentenced to eighteen months of imprisonment. (ECF No. Cr. 154.) The Court also re-imposed eighteen months of supervised release. (Id.)

Bowens' current term of supervised release started on June 30, 2025. On June 16, 2026, the United States Probation Office petitioned the Court to issue a summons based on Bowens' alleged violation of the terms of his supervised release. (ECF No. Cr. 158.) Bowens filed a motion to hold his "supervised release matter" in abeyance, pending the resolution of his § 2255 Motion. (ECF Cr. 170.) The Court granted the motion in part and ordered that the scheduled supervised release hearing be held in abeyance. (ECF No. Cr. 175 (minute entry).)

**B. Bowens' § 2255 Motion**

Bowens' § 2255 Motion relies on the Supreme Court's recent decision in United States v. Hemani, 608 U.S. 772 (2026). (ECF No. 1 at PageID 4.) He contends that, following Hemani, his § 922(g)(3) conviction violates his rights under the Second Amendment. (ECF No. 1-2 at PageID 15.) He further contends that "Hemani announced a new, substantive rule of criminal law" that applies retroactively to cases on collateral review. (Id.)

## LEGAL STANDARD

When a prisoner in custody serving a sentence established by an Act of Congress believes that he has a right to be released because his sentence is violative of the Constitution or laws of the United States, the prisoner may seek to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). Although Bowens is serving a term of supervised release, he satisfies § 2255's "in custody" requirement. See Maleng v. Cook, 490 U.S. 488, 491 (1989) ("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus."); see also United States v. Zack, 1999 WL 96996, at *1 (6th Cir. 1999) ("A defendant serving a term of supervised release is 'in custody' for the

purposes of § 2255.")

A § 2255 motion must generally be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). However, a § 2255 motion may also be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The Supreme Court issued its decision in Hemani on June 18, 2026. Bowens filed his Hemani-based § 2255 Motion on July 23, 2026. Therefore, the § 2255 Motion is timely.

## ANALYSIS

Here, Bowens relies on Hemani to establish his § 2255 challenge. In Hemani, a criminal defendant challenged his indictment under § 922(g)(3), alleging that his Second Amendment right to bear arms was violated. 608 U.S. at 779. The defendant admitted regular marijuana use and possession of cocaine. Id. at 778. The Supreme Court concluded that the government had failed to identify historical analogues that would justify the categorical criminalization of firearm possession by habitual drug users. Id. at 782–83. Therefore, the Court held that § 922(g)(3)'s categorical prohibition exceeded Congress' ability to regulate firearm possession and violated the Second Amendment. Id. at 793–95. Although the Court declined to articulate a test, it noted that a showing of the defendant's dangerousness would be necessary to apply § 922(g)(3) to any individual defendant. Id. at 794.

Bowens' case is similar to Hemani. Like the defendant in Hemani, the only charge Bowens faced was being an unlawful user of a controlled substance in possession of a firearm. (ECF No. Cr. 2 at PageID 3.) Police officers found Bowens in a car with a gun and a marijuana cigar, and a subsequent search of Bowens' social media account revealed several posts where Bowens referenced "getting high" and appeared to possess firearms. (ECF No. Cr. 103 at

PageID 1421–22.) Similarly, Hemani's gun was located during a search of his family's home, and he admitted that he "used marijuana about every other day." Hemani, 608 U.S. at 778. As in Hemani, the government here did not assert that Bowens was a drug addict, that he was a danger to himself or others when he used marijuana, or that he misused guns while intoxicated. See Hemani, 608 U.S. at 779. Rather, in both cases, the charged conduct was possession of a gun as a drug user.

The Court concludes that Bowens is entitled to habeas relief under Hemani. According to Hemini, Bowens is part of the class protected under the Second Amendment, and he does not fit within the group of dangerous people that would justify regulating his Second Amendment rights. Moreover, the Government does not oppose Bowen's motion. Thus, the § 2255 Motion is **GRANTED**. Bowens' § 922(g)(3) conviction is **VACATED**, and the remaining term of supervised release is discharged.

**IT IS SO ORDERED,** this 17th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE